```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
QUEENE E.CAVETTE,

            Plaintiff,                                  07 CV 3170 (ERK) (ALC)

    v.                                                  ORDER


ADULT PROTECTVE SERVICES and
CITY OF NEW YORK,

            Defendants.
---------------------------------------------------X
```

**CARTER, United States Magistrate Judge:**

In this action, brought pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., Plaintiff Queene E. Cavette ("Plaintiff" or "Cavette") alleges that defendants Adult Protective Services and the City of New York ("Defendants") violated her rights by failing to prevent her 2003 eviction and failing to properly provide her with various mental health-related services. Cavette filed the complaint in July 2007, and on May 7, 2008, filed a motion for the appointment of counsel. (Docket No. 20.) Magistrate Judge Bloom, then assigned to the case, determined that Cavette's claim was not "likely to be of substance" and thus, did not warrant the appointment of pro bono counsel under 28 U.S.C. § 1915(e). In a letter dated September 22, 2008, Plaintiff made a second request for pro bono counsel and was put in touch with an attorney, Ira Feldman ("Feldman"), who engaged in settlement negotiations with Defendants on her behalf. On May 12, 2009, Defendants filed a letter informing Judge Bloom that, after agreeing to settle the matter for $4,000, Plaintiff recanted. (Docket No. 28.) Judge Bloom then held a status conference at which Feldman was relieved and Plaintiff was ordered to

submit to deposition and produce certain documents. (Docket No. 31.) Plaintiff was cautioned that failure to adhere to scheduling orders could result in her case being dismissed. (Id.)

The action was reassigned to me in July 2009, and, after granting Plaintiff several extensions of time, I deemed discovery closed on September 24, 2009 and directed the parties to contact Judge Edward R. Korman in furtherance of Defendants' anticipated motion for summary judgment. Thereafter, Plaintiff retained new counsel, Fred Berg ("Berg"). On November 24, 2009, she obtained a 180-day reopening of discovery in order to facilitate Berg's assistance. (Docket No. 41.)

On June 7, 2010, Judge Korman issued a scheduling order for Defendants' motion for summary judgment requiring the moving papers to be served by July 22, 2010, Plaintiff's opposition to be served by August 27, 2010, and Defendants' reply by September 17, 2010. After Plaintiff failed to oppose the motion, Defendants requested that the Court consider their motion unopposed. (Docket No. 49.) Plaintiff then responded with another request for both the reopening of discovery and appointment of new counsel, alleging that two sexual harassment-based disciplinary actions are pending against Berg in the Appellate Division and that she, too, recently filed a claim of professional misconduct against him. Defendants filed a letter objecting to any further delay of this action, and the matter was referred to the undersigned. Since then, Berg has also written to the Court, claiming that Cavette's letter "makes several unfounded statements" and setting forth a potential conflict between him and Cavette in light of her dissatisfaction with his representation. (Docket No. 52.)

On December 1, 2010, the parties telephonically appeared before me for a status conference. Plaintiff denied accusing Berg of sexual misconduct and objected to him being relieved as counsel. As to the latter, Plaintiff stated that although neither she nor the Court could

force Berg to adequately represent her, she believed that the Appellate Division could compel him to represent her in the manner of her choosing. Therefore, Plaintiff both requested that Berg remain in the action and that another attorney be appointed. Plaintiff was then read the following excerpt from her undated letter to the Departmental Grievance Committee of the Appellate Division, First Department:

> Fred Berg told me that he would return the next Saturday and that we would cook and have dinner and watch my new flat screen television. I was uncomfortable with that command and did not know him and I do not blur lawyer-client relationships.

(Docket No. 50 at 3.) The letter continues: "I mean business only. Obviously I was not as vulnerable as he may have thought. He may have on certain occasions attempted to take advantage of his ProBono [*sic*] status. However, I fight back." (Id.)

Regardless of whether Plaintiff used the term "sexual harassment" to characterize the way she felt treated by Berg, it is evident from the acrimony of both her statements and submissions to the Court that the attorney-client relationship between them ceases to function. (See id. ("I cannot be sure that he ever took my case seriously. I am very angry.").) This, coupled with Plaintiff's allegations that Berg has failed to zealously represent her, (see id. at 4), require that Berg be relieved, as he is undoubtedly preparing to defend his professional license against her accusations. See, e.g., United States v. Morales, No. 07 CR 460 (SJ), 2010 WL 2400120, at *8 (E.D.N.Y. Jun. 11, 2010) (client's pursuit of professional misconduct claim warrants relief of counsel); United States v. Salameh, 54 F. Supp. 2d 236, 249-50 (S.D.N.Y. 1999) (conflict of interest arises when client files a grievance against attorney). Accordingly, Berg is relieved from this action.

Additionally, I see no reason to disturb Judge Bloom's determination that Plaintiff is not entitled to pro bono counsel under 28 U.S.C. § 1915(e). Therefore, that motion, too, is denied. If

Plaintiff wishes to retain new counsel, she shall do so, and have counsel file a notice of appearance, no later than January 6, 2011. The parties will appear for an in-person status conference on January 12, 2011 at 12:30pm, at which point a scheduling order on Plaintiff's motion to reopen discovery will issue. Plaintiff is advised that her motion to reopen discovery will likely be decided on an expedited basis, given the age of this action and Defendants' wish to renew the summary judgment motion that is essentially being held in abeyance.

**SO ORDERED.**

DATED: December 7, 2010 _____/s_____
       Brooklyn, New York        Andrew L. Carter, U.S.M.J.